## COMMONWEALTH v. GEORGE W. JAMES.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF PHILADELPHIA COUNTY.

Argued April 7, 1891—Decided April 27, 1891.

1. No appeal lies from the final order of the Court of Quarter Sessions, on the hearing of desertion cases under the act of April 13, 1867, P. L. 78. An appeal, under the act of May 9, 1889, P. L. 158, operates only as a common-law certiorari, whereon the regularity of the proceedings, alone, may be examined.*

2. Where the defendant in a desertion case is committed to prison, on failure to give security for his compliance with the final order of the court on conviction, he is not entitled, under the act of April 15, 1869,

---

* See Grieb v. Kuttner, 135 Pa. 281; Berg's Pet., 139 Pa. 354; Owen's Pet., 140 Pa. 565.

Opinion of Court below.

P. L. 75, to be unconditionally discharged at the expiration of three months' imprisonment.

Before PAXSON, C. J., GREEN, CLARK, MCCOLLUM and MITCHELL, JJ.

No. 140 July Term 1890, Sup. Ct.; court below, No. 1 June Term 1890, Q. S.

On May 17, 1890, a return was made to the court below of an information against George W. James for non-support of his wife and minor child.

On June 6, 1890, after hearing before PENNYPACKER, J., an order was entered that the defendant pay $2.50 per week for the support of his wife, Anna F. James, and the further sum of $2.00 per week for the support of his minor child, William James, from the date of said order; give security by one or more sureties to the commonwealth, in the sum of $300, for the faithful performance of the order; pay the costs, and stand committed until the order was complied with.[2] Thereupon, on June 13th, the defendant took this appeal.

On September 19, 1890, the defendant, who had failed to enter the security required by the foregoing order, and had been committed to the county prison, was brought into court before THAYER, P. J., and an order made that he be discharged upon entering into his own recognizance in the sum of $300, to comply with the order of the court of June 6th.[5] [6] The defendant departed without entering into the recognizance required, and on his way was arrested and again committed to the county prison.

On September 26, 1890, upon the petition of the defendant, a writ of habeas corpus was allowed.

A hearing was had on said writ on October 3, 1890, and on October 10th, the court, ARNOLD, J., filed the following opinion:

The act of April 13, 1867, § 2, authorizes the Court of Quarter Sessions, on complaint of the wife or children of any husband or father, who has separated himself from them, after hearing to order the person against whom the complaint has been made to pay such sum as the court shall think reasonable and proper, for the comfortable support and maintenance of

Opinion of Court below.

his wife or children, or both, not exceeding one hundred dollars a month, and to commit such person to the county prison, until he complies with the order, or gives security, by one or more sureties, in such sum as the court shall direct, for the compliance therewith. The subsequent act of April 15, 1869, provides that whenever the court shall commit the person complained of to prison, it shall be lawful for the court, at any time after three months, if satisfied of the inability of such person to comply with the order or give security, to discharge him from imprisonment.

It will be observed that the court may require security, and imprison defendants who refuse to enter it. The court may, and frequently does, require the defendant to enter his own bond, when he is unable to give security. A man without property and unable to find sureties, but capable of earning good wages and supporting his wife and children, would better be at work out of prison than in it. He may, at least, save the county the expense of supporting his family, which is the purpose of the law. But, if he is defiant and contemptuous and will not comply with the order of court, either by giving security, or his own bond without sureties, as the court may have required, or will not work and support his family, then imprisonment is inflicted upon him as a punishment.

Imprisonment is not a satisfaction of the order of the court; neither does it release him from the obligation to comply with it. The person imprisoned is not entitled to demand his discharge after the expiration of three months, but the court is authorized to discharge him, if satisfied of his inability to comply with the order or give security; and the practice always has been to discharge defendants, in such cases, on entering their own bonds to comply with the order of court. That was done in this case. The order of the court imposed no illegal or impossible or even difficult conditions upon him, as a prerequisite to his discharge. He is now held for his refusal to comply with an order of the court, made in his own case and for his own benefit. When he is in a better state of mind and signs a bond to comply with the order of the court, he will be discharged.

His complaint that if he gives a bond, it will prevent him from obtaining a divorce from his wife on the ground that she

Opinion of the Court.

has deserted him, as he now alleges, is no reason why we should refrain from executing our judgment. But his complaint is not well founded. In Vanleer v. Vanleer, 13 Pa. 211, cited in his behalf, the bond was given in pursuance of a settlement between husband and wife, and it was voluntarily given. In this case the bond is required by the judgment of the court, and the act of the defendant will be done under compulsion. A bond given under such circumstances is not a conclusive answer to his libel for divorce, although the record of the proceedings is admissible in evidence, to be considered by the jury: Bauder's App., 115 Pa. 480; Hahn v. Bealor, 132 Pa. 242; Van Dyke v. Van Dyke, 135 Pa. 459.

The discharge of the defendant is refused, until he gives his own bond, as required by the former order of court.[7]

—On the appeal taken, the defendant filed assignments specifying, inter alia, that the court erred:

2. In entering the order of June 6, 1890.[2]

3. In making said order before full opportunity had been given defendant to produce his witnesses in court, and to have a full hearing of his defence.

4. In committing defendant to the county prison before having a full hearing, and for failing to enter security.

5, 6. In making the order of September 19th,[5] [6] and in not ordering defendant's discharge from prison after an imprisonment for ninety days, unconditionally.

7. In making the order of October 10th.[7]

*Mr. James Rich Grier,* for the appellant.

There was no appearance for the commonwealth.

PER CURIAM:

No appeal lies from the Quarter Sessions in desertion cases. This case comes up by writ of certiorari, and we can only examine the regularity of the proceedings. We learn from the record that the plaintiff was charged with desertion upon the oath of his wife; was convicted thereof by the court below, and an appropriate sentence imposed. All this was regular, and we cannot review the case upon its merits.

Judgment affirmed.