## Commonwealth *v.* Smith, Appellant.

*Husband and wife—Desertion—Appeals—Certiorari.*

No appeal lies from the final order of the court of quarter sessions made on the hearing of a desertion case under the Act of April 13, 1867, P. L. 78, for the purpose of allowing the appellate court to review the exercise of the discretion of the court of quarter sessions. An appeal from such an order under the Act of May 9, 1889, P. L. 158, is still only a common-law certiorari, and on it the appellate court can pass upon nothing but the regularity of the proceedings below. If the record shows that the husband was charged with desertion on the oath of his wife, a hearing, conviction and appropriate sentence, there is nothing for the appellate court to do, but to affirm the judgment. On such an appeal the appellate court has no

| 200 | 363 |
| e 26 SC | 551 |
| 200 | 363 |
| 32 SC | 355 |
| 33 SC | 386 |
| 200 | 363 |
| 35 SC | 251 |
| f 35 SC | 252 |
| 200 | 363 |
| 41SC | 546 |

power to determine whether an agreement of separation executed by the appellant and his wife was a bar to the latter's right to ask for an order of maintenance. Commonwealth v. Richards, 131 Pa. 209, explained.

Argued June 3, 1901. Appeal, No. 20, May T., 1900, by defendant, from judgment of Superior Court, March T., 1900, No. 7, affirming judgment of the court of quarter sessions of Dauphin Co., June T., 1889, No. 286, in case of Commonwealth v. Harry E. Smith. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from Superior Court.

From the record it appeared that Harry E. Smith and the appellee were married in 1897. On February 1, 1899, they entered into a voluntary agreement of separation. On April 3, 1899, she charged appellant, before an alderman, with desertion and failure to support her, and this charge was brought to a hearing before the court below, which made an order of maintenance.

From this order defendant appealed. The Superior Court affirmed the judgment, Judge WILLIAM W. PORTER dissenting.

*Error assigned* was the judgment of the Superior Court.

*William M. Hargest*, with him *Harry M. Bretz*, and *Thomas S. Hargest*, for appellant.—The appellant contends that the case is ruled by Commonwealth v. Richards, 131 Pa. 209.

*Albert Millar*, for appellee.

OPINION BY MR. JUSTICE BROWN, July 17, 1901:

On this appeal we are asked to review the judgment of the Superior Court, affirming the decree of the court of quarter sessions of Dauphin county in a proceeding instituted under the Act of April 13, 1867, P. L. 78, by Lizzie S. Smith against her husband, Harry E. Smith, to compel him to support her. No appeal lies from the final order of the court of quarter sessions made on the hearing of a desertion case under this act, for the purpose of allowing us to review the exercise of the discretion of the court below in making it. An appeal from such an order under the Act of May 9, 1889, P. L. 158, is still only a

common-law certiorari, and on it we can pass upon nothing but the regularity of the proceedings below. If the record shows that the husband was charged with desertion upon the oath of his wife, a hearing, conviction and appropriate sentence, there is nothing for us to do but to affirm the judgment. This has been so distinctly announced in Commonwealth v. James, 142 Pa. 32, and other cases, that it ought to be understood.

It is contended, however, that, under the authority of Commonwealth v. Richards, 131 Pa. 209, we ought to determine whether the agreement of separation executed by the appellant and his wife was a bar to the latter's right to ask for an order of maintenance. In that case, it is true, we did pass upon the effect of articles of separation in a case like this, brought upon the record by formal bill of exception; but, in doing so, our late Brother CLARK said "as no question is raised as to the disposition of the case on a certiorari, we will consider it as the parties have presented it." It is doubtful whether, even if no question was raised as to the disposition of that case on its merits, it should have been so disposed of on certiorari; for, in In re Carlson's License, 127 Pa. 330, which was a certiorari to the order of the court of quarter sessions revoking a license to sell liquors, under section 7 of the Act of May 13, 1887, P. L. 110, decided but a few months before, it was held that neither the testimony nor the opinion of the court below formed any part of the record which might be considered, and that the agreement of counsel, that the testimony might be omitted from the paper-book and the finding of facts as contained in the opinion of the court below should be considered in lieu of it, was nugatory. But the question is here raised, and we can review this record no further than to ascertain whether the court below had jurisdiction and the proceedings were regular. A deed of separation, not fraudulently procured, the terms of which are not unreasonable and which has not become null and void by the acts of the parties, is a bar to a proceeding like this; but whether these conditions exist in any particular case, must always be, on all the facts as developed, for the court below, and not for us. The Superior Court properly entertained this view. The court of quarter sessions of Dauphin county having had jurisdiction of the proceedings instituted, and no irregularity in them having been pointed out, the judgment of the Superior Court, affirming its order, is now affirmed.