## Commonwealth v. Mills, Appellant.

*Husband and wife—Desertion—Appeals—Certiorari—Act of April* 13, 1867, *P. L.* 78—*Act of May* 9, 1889, *P. L.* 158.

No appeal lies from the final order of the court of quarter sessions made on the hearing of a desertion case under the Act of April 13, 1867, P. L. 78, for the purpose of allowing the appellate court to review the exercise of the discretion of the court of quarter sessions. An appeal from such an order under the Act of May 9, 1889, P. L. 158, is still only a common-law certiorari, and on it the appellate court can pass upon nothing but the regularity of the proceedings below.

*Husband and wife—Desertion—Jurisdiction—Statutes—Repeal—Acts of April* 13, 1867, *P. L.* 78, *and March* 13, 1903, *P. L.* 26.

The Act of March 13, 1903, P. L. 26, which makes it a misdemeanor for a husband or father to desert or neglect to support his wife and children, and imposes a penalty of a fine or imprisonment or both, for the offense, does not supersede the proceeding under the Act of April 13, 1867; P. L. 78,

to compel a delinquent husband or father to contribute to the support of his wife and children.

Argued Oct. 4, 1904. Appeal, No. 138, April T., 1905, by defendant, from order of Q. S. Allegheny Co., June T., 1904, No. 643, for support, in case of Commonwealth v. E. L. Mills. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and MORRISON, JJ. Affirmed.

Proceedings under the Act of April 13, 1867, P. L. 78, for support.

At the hearing the defendant denied the marriage, but the court on evidence of cohabitation and reputation found that a marriage existed, and made an order on the defendant to pay his wife, Alma Mills, the sum of $30.00 per month.

*Errors assigned* were (1–6) various rulings on testimony; (12) the order of the court and (13) in entertaining jurisdiction of the proceeding.

*R. B. Petty*, with him *Thomson & Thomson*, for appellant.— It is beyond all question that the court is authorized to examine and review the proceedings of the court of quarter sessions in any matter specially committed to it by statute so far as to inquire and determine the extent and limits of its power and the regularity of its exercise: Commissioner's Appeal, 57 Pa. 452; Pollard's Petition, 127 Pa. 507; Kelminski's License, 164 Pa. 231; Gemas's App., 169 Pa. 43; Doberneck's App., 1 Pa. Superior Ct. 99; Donoghue's App., 5 Pa. Superior Ct. 1; Com. v. Haylow, 17 Pa. Superior Ct. 541; Com. v. White, 22 Pa. Superior Ct. 67.

A prosecution for desertion is a criminal charge: Best on Evidence, Sec. 440; Com. v. Keeper of Jail, 4 S. & R. 505.

A defendant in a proceeding for desertion cannot be compelled to testify, as such a proceeding is of a quasi criminal nature, although the offense is not indictable: Com. v. Reed, 5 Pa. Dist. Rep. 57; Com. v. Richards, 131 Pa. 209.

The act of 1903 provides a full and complete remedy in cases of desertion, and gives the defendant the right of trial by jury. We contend that this remedy is exclusive, and that the act repeals the act of 1867: Nusser v. Com., 25 Pa. 126;

Keller v. Com., 71 Pa. 413 ; Fort Pitt Bldg. & Loan Assn. v. Model Plan Bldg. & Loan Assn., 159 Pa. 308 ; Bennett v. Norton, 171 Pa. 221 ; Newbold v. Pennock, 154 Pa. 591.

*W. M. Price,* for appellee, cited : Haylow's Case, 17 Pa. Superior Ct. 541.

PER CURIAM, December 12, 1904 :

This is an appeal from the final order of the court of quarter sessions, in a proceeding instituted under the Act of April 13, 1867, P. L. 78. The principal question in dispute was as to the marriage of the defendant to the prosecutrix. The court filed an opinion which, after reviewing the facts of the case, concluded as follows : " These circumstances seem to us not only to overcome any facts which tend to rebut a presumption of marriage, but, in connection with the testimony of prosecutrix, clearly show a valid marriage contract."

In the very recent case of Commonwealth v. Smith, 200 Pa. 363, the Supreme Court defined the limits of the jurisdiction of the appellate courts in desertion proceedings in terms which leave no room for doubt. Mr. Justice BROWN who delivered the opinion of the court said : " No appeal lies from the final order of the court of quarter sessions made on the hearing of a desertion case under this act, for the purpose of allowing us to review the exercise of the discretion of the court below in making it. An appeal from such an order under the Act of May 9, 1889, P. L. 158, is still only a common-law certiorari, and on it we can pass upon nothing but the regularity of the proceedings below. If the record shows that the husband was charged with desertion upon the oath of his wife, a hearing, conviction and appropriate sentence, there is nothing for us to do but affirm the judgment. This has been so distinctly announced in Commonwealth v. James, 142 Pa. 32, and other cases, that it ought to be understood." Our own ruling in the same case, Com. v. Smith, 13 Pa. Superior Ct. 358, was to the same effect, and was in accordance with previous decisions cited in the opinion of Judge BEAVER. See also Commonwealth v. Rogers, 15 Pa. Superior Ct. 461. The question was not raised—at least so far as the record shows—in Commonwealth v. White, 22 Pa. Superior Ct. 67 ; therefore, that case

is not to be regarded as authority for a different rule. Nor is such a case reviewable on the merits, as disclosed by the facts recited in the opinion filed by the court at the same time the decree was entered : Commonwealth v. James, supra. In Commonwealth v. Richards, 131 Pa. 209, where the merits were considered, Mr. Justice CLARK was careful to state that no question was raised as to the power of the appellate court to go into them; and in commenting on that case in Commonwealth v. Smith, Mr. Justice BROWN said: " It is doubtful whether, even if no question was raised as to the disposition of that case on its merits, it should have been so disposed of on certiorari; for, in In re Carlson's License, 127 Pa. 330, which was a certiorari to the order of the court of quarter sessions revoking a license to sell liquors, under section 7 of the Act of May 13, 1887, P. L. 108, decided but a few months before, it was held that neither the testimony nor the opinion of the court below form any part of the record which might be considered, and that the agreement of counsel, that the testimony might be omitted from the paper-book, and the finding of facts as contained in the opinion of the court below should be considered in lieu of it, was nugatory. But the question is here raised, and we can review this record no further than to ascertain whether the court below had jurisdiction and the proceedings were regular." This would seem to be conclusive of the question.

The proceedings being regular and no abuse of discretion being shown, the only remaining question is as to the jurisdiction of the quarter sessions to proceed in this manner. It is contended that the remedy provided by the Act of March 13, 1903, P. L. 26, is exclusive and the act of 1867 was thereby repealed. We think this position is not tenable. The act of 1903 makes it a misdemeanor for a husband or father to desert or neglect to support his wife or children, and declares that upon conviction he shall be sentenced to pay a fine and be imprisoned " or either or both at the discretion of the court." This contemplates a prosecution by indictment and trial by jury, and the primary object is the punishment of the accused. But it does not follow that it supersedes the proceeding under the act of 1867 to compel a delinquent husband or father to contribute to the support of his wife or children. In the first

place, the act contains no repealing clause.   In the second place, the proviso to the second section declares that no such conviction, payment of fine or undergoing imprisonment shall in any way affect the obligation of any order for support " theretofore made against the defendant in the court of quarter sessions in the manner now provided by law."   The term " theretofore " manifestly relates to the time of the conviction, not to the date of the passage of the act.   This clause, together with the remaining clauses of the same proviso, clearly and affirmatively show an intention upon the part of the legislature not to abrogate the provisions of the act of 1867.

The order is affirmed and the record remitted to the court below to the end that it may be fully carried into effect.