## Commonwealth v. Isaacman, Appellant.

*Husband and wife—Desertion—Nonsupport—Appeals—Evidence—Fact of marriage.*

An appeal from an order of support in a desertion case is in the nature of certiorari only, and does not take up the evidence. The appellate court cannot therefore review a finding of fact by the court below that the parties were in fact husband and wife.

Argued Feb. 25, 1907. Appeal, No. 367, Oct. T., 1906, by defendant, from order of Q. S. Phila. Co., Oct. T., 1906, No. 9,822, for support in case of Commonwealth v. Isaac Isaacman. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Warrant for nonsupport. Before CARR, J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*John Monaghan*, with him *Maurice J. Speiser* and *Jacob Weinstein*, for appellant.

*William T. Connor*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

OPINION BY RICE, P. J., April 15, 1907 :

The defendant was charged under the Act of April 3, 1867,

P. L. 78, with neglect to maintain his wife and one child, and after hearing before the magistrate who issued the warrant was held to bail for his appearance in the quarter sessions to answer the charge. After hearing, the court ordered that he pay a certain sum per month "for the support of his wife Dora Isaacman" and give security for the faithful performance of the order, and pay the costs. It is not claimed that there was any irregularity in the proceedings or lack of jurisdiction in the court. Necessarily, therefore, the order implies a finding by the court from the evidence adduced at the hearing that Dora Isaacman was the wife of the defendant, and that, without reasonable cause, he had neglected to maintain her. After this order was made, a paper signed by the counsel for defendant, by counsel for Dora Isaacman, and by the assistant city solicitor was filed, in which certain facts bearing upon the question of the validity of the marriage were agreed to. After reargument, the court made this order: "Order reaffirmed as of October 3, 1906," and the following day filed a written opinion in support of its conclusion. Thereupon the defendant, by allowance of the court, filed exceptions to the order and the reaffirmance thereof, "because," as stated in the exceptions, "said order and reaffirmance of said order is against the law," and then took this appeal.

The first question to be considered is, whether the finding of the court that Dora Isaacman is the lawful wife of the defendant and was so at the institution of the proceeding—which finding is necessarily implied in the orders complained of—is the subject of review upon appeal. We do not regard this as an open question. It is true in Commonwealth v. Haylow, 17 Pa. Superior Ct. 541, we did consider the question of the validity of the marriage arising upon the evidence sent up with the record, but we affirmed the order, and speaking of the appellate jurisdiction we said : " The decision of the questions of fact by the quarter sessions is as conclusive as the verdict of a jury, and in no view which may be taken of our appellate jurisdiction are we authorized to go further than to ascertain whether there was evidence, which, if believed, would sustain the finding. It may well be questioned whether we are required to go that far in a desertion case, even though an exception was taken to the ruling of the court below and the

transcript of the evidence was approved by the presiding judge and directed to be filed. We, however, will not stop to consider that question in this opinion." This case cannot be regarded as authority for the proposition that the finding of the court from the evidence can be reviewed upon a statement of facts agreed to by counsel after the order was made. In Commonwealth v. Richards, 131 Pa. 209, where the merits of the case were considered, Mr., Justice CLARK was careful to state that no question was raised as to the power of the appellate court to go into them. But in the later case of Commonwealth v. James, 142 Pa. 32, the court said: "No appeal lies from the quarter sessions in desertion cases. This case comes up by writ of certiorari, and we can only examine the regularity of the proceedings. We learn from the record that the plaintiff was charged with desertion upon the oath of his wife; was convicted thereof by the court below, and an appropriate sentence imposed. All this was regular, and we cannot review the case upon its merits." This case was followed in the very recent case of Commonwealth v. Smith, 200 Pa. 363, where the Supreme Court defined the limits of the jurisdiction of the appellate courts in desertion proceedings in terms which leave no room for doubt. Mr. Justice BROWN who delivered the opinion of the court said: "No appeal lies from the final order of the court of quarter sessions made on the hearing of a desertion case under this act (1867), for the purpose of allowing us to review the exercise of the court below making it. An appeal from such an order under the Act of May 9, 1889, P. L. 158, is still only a common-law certiorari, and on it we can pass upon nothing but the regularity of the proceedings below. If the record shows that the husband was charged with desertion upon the oath of his wife, a hearing, conviction and appropriate sentence, there is nothing for us to do but to affirm the judgment. This has been so distinctly announced in Commonwealth v. James, 142 Pa. 32, and other cases, that it ought to be understood." Speaking of Commonwealth v. Richards and the manner of its disposition Justice BROWN further said: "It is doubtful whether, even if no question was raised as to the disposition of that case on its merits, it should have been so disposed of on certiorari; for, in In re Carlson's License, 127 Pa. 330, which was

a certiorari to the order of the court of quarter sessions re-
voking a license to sell liquors, under section 7 of the Act of
May 13, 1887, P. L. 108, decided but a few months before, it
was held that neither the testimony nor the opinion of the
court below form any part of the record which might be con-
sidered, and that the agreement of counsel, that the testimony
might be omitted from the paper-book, and the finding of facts
as contained in the opinion of the court below should be con-
sidered in lieu of it, was nugatory. But the question is here
raised, and we can review this record no further than to as-
certain whether the court below had jurisdiction and the pro-
ceedings were regular." Unquestionably the court below had
jurisdiction to determine from the evidence whether Dora
Isaacman was the lawful wife of the defendant. To say that
the court did not correctly decide the question upon the evi-
dence before it is not to question its jurisdiction. And it is
impossible to see how the decision of the court of such a ques-
tion can be reviewed unless the evidence is brought up with
the record, and we know of no authority for holding that an
exception to the order brings the evidence upon the record.
Clearly the filing of the agreement of facts after the order was
made in the present case was no more effective to bring those
facts upon the record for purpose of review than the agree-
ment referred to in the case just quoted. In Commonwealth
v. Mills, 26 Pa. Superior Ct. 549, the question was whether
there was a valid marriage, and it was sought to obtain a re-
view of the court's conclusion upon that question; we, how-
ever, followed the ruling in Commonwealth v. Smith and held
that the conclusion of the court below upon this question was
not reviewable. We called attention to Commonwealth v.
White, 22 Pa. Superior Ct. 67, and stated that that case is not
to be regarded as authority for a different view, because so far
as the record showed the question of the revisory jurisdiction
of this court upon the merits was not raised. We know of no
authoritative decision establishing a different rule than that
laid down in the cases above cited, and there are others which
we have not referred to, which enunciate the same doctrine.
Therefore the question stated at the outset of this discussion
must be answered in the negative. In putting our decision
upon this narrow ground we are not to be understood as in-

timating an opinion that the marriage which took place be-. tween these parties was void ; that question does not arise upon this appeal, as we have shown, and we will not discuss it.

The order is affirmed, costs to be paid by the appellant.