Opinion by
Rice, P. J.,
Among the papers sent up with the record in return to the certiorari there appears what purports to be a transcript of the proceedings in this case before the magistrate, duly certified by him on March 2, 1907, and indorsed, “Filed March 4, ’07.” It is true it is not stated, in so many words, in the docket entries that it was filed in the clerk’s office, and it is not stated in the indorsement that it was made by the clerk of the quarter sessions, but the docket does set forth the title of the case, the name of the prosecutrix, the nature of the charge, the amount of the prosecutrix’s recognizance, the amount of bail the defendant was under, and the name of his surety. These entries correspond exactly with the magistrate’s transcript, and evidently were taken therefrom. Upon consideration of these facts, and the fact that the transcript comes from the proper custody, and was sent up to us in obedience to the certiorari, we dismiss as untenable the objection that the record does not show that the transcript was filed in the court below. Perhaps it would have been better practice to set forth the fact and date of filing in the docket, but taking the record as a whole the unavoidable implication is that the indorsement on the transcript was the act of the clerk of the quarter sessions and that the transcript was filed as thereby stated. Therefore it is to be considered as part of the record, and as the foundation of the proceedings which resulted in the order of support from which this appeal was taken. We need not recite the transcript or its substance'; it is enough for present purposes to say, as we may upon the authority of Commonwealth v. Hart, 12 Pa. Superior Ct. 605, where the subject was fully considered, that the return thus made of the proceedings before the magistrate was sufficient in form and substance to give the court jurisdiction. And, although the record of the court .below does not state that the order of support was made after hearing, this is to be presumed.
*251 Having determined that the court had jurisdiction and that there is no such defect or irregularity in the proceedings as would warrant us in setting aside the order, we come to the question upon the merits which the defendant’s counsel with great earnestness press for consideration. It appears from the transcript that the information upon which the prosecution was instituted alleged that the defendant deserted the prosecutrix on April 3, 1905, and that since that time he had neglected to support her or to contribute to her support. It is claimed that after the date of the alleged desertion the prosecutrix prosecuted the defendant in Susquehanna county upon a similar charge, and that in August, 1905, after a full hearing, the court of that county discharged him. It is claimed further that the evidence given on the hearing of the present prosecution showed that no change of any kind in the situation had taken place which would justify a rearrest of the defendant on a similar charge; therefore, it is claimed, the court erred in not holding that the former acquittal was a bar to this prosecution. We need not go further into detail in stating what it is claimed the evidence shows. It is apparent from this general statement óf the defendant’s contention that it 'involves questions of fact which cannot be determined by inspection of the record; and it is needless to say that the evidence given upon the hearing, although printed in the paper-book, cannot be resorted to for that purpose. It is equally well settled that the recital of facts in the opinion filed by the court of quarter sessions in a desertion proceeding does not bring them upon the record for purposes of review: Commonwealth v. Smith, 200 Pa. 363; Commonwealth v. James, 142 Pa. 32; Commonwealth v. Mills, 26 Pa. Superior Ct. 549; Commonwealth v. Isaacman, 33 Pa. Superior Ct. 384. The opinion of Mr. Justice Brown in the first cited case is very clear upon the subject. We think it not out of place to say that if this case were to be reviewed upon the facts recited in the opinion of the learned judge below and those alone, we should hesitate to concur in the conclusion that they were sufficient to affect the conclusiveness of the alleged former acquittal. But it is plain that the case cannot be so reviewed, and that, *252 to adopt the language of Justice Brown in Commonwealth v. Smith, “we can review this record no further than to ascertain whether the court below had jurisdiction and the proceedings were regular.” We are therefore constrained to say that if error was committed in the decision of questions arising out of the evidence it is beyond our power to correct it.
The appeal is dismissed and the record remitted to the court below.