## Commonwealth ex rel. *v.* Dilks, Appellant.

*Husband and wife—Desertion—Order for support—Appeals—Certiorari.*

An appeal from an order of the court of quarter sessions requiring a husband to pay a weekly sum for the support of his wife is in the nature of a common-law certiorari, and on it the appellate court can only determine whether or not the record and proceedings are regular in form. On such an appeal the evidence given on the hearing, although printed in the paper-book, cannot be resorted to to determine questions of fact, nor can the facts recited in the opinion of the lower court be examined or looked into.

Argued Oct. 19, 1910. Appeal, No. 125, Oct. T., 1910, from order of Q. S. Phila. Co., for support in the case of Commonwealth ex rel. Charlotte Dilks v. Park B. Dilks. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Return of proceedings in desertion.
The opinion of the Superior Court states the case.

*Error assigned* was the order for support.

*Walter Biddle Saul,* for appellant.—There was no conviction of desertion.—In the cases generally, it is recog-

nized that desertion is necessary before an order can be made, although there has been no case where the point has been directly raised: Philadelphia v. Bailey, 8 Phila. 485; Barnes v. Com., 11 W. N. C. 375; Com. v. Smith, 200 Pa. 363; Com. v. James, 142 Pa. 32; Carey v. Carey, 25 Pa. Superior Ct. 223.

The trial judge abused the discretion vested in him: Keller v. Com., 71 Pa. 413; Demott v. Com., 64 Pa. 302; Com. v. Tragle, 4 Pa. Superior Ct. 159.

*William I. Connor*, assistant city solicitor, with him *J. Howard Gendell*, city solicitor, for appellee.—The effect of an appeal in such a proceeding is merely that of a common law certiorari, and on it nothing is to be determined other than whether the record and proceedings are regular in form: Com. v. James, 142 Pa. 32; Com. v. Smith, 200 Pa. 363; Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Isaacman, 33 Pa. Superior Ct. 384; Com. v. Brownell, 35 Pa. Superior Ct. 249.

OPINION BY MORRISON, J., March 3, 1911:

The defendant was arrested on a warrant charging him with desertion and nonsupport of his wife, under the provisions of the Act of April 13, 1867, P. L. 78. The title of the act is, "For relief of widows and children, deserted by their husbands and fathers, within this commonwealth." The record proper shows that the defendant was charged with wife desertion before a magistrate; that the case was regularly returned to the quarter sessions; that a hearing was had in open court and a final order made requiring the defendant to pay the sum of $5.00 per week for the support of his wife, Charlotte Dilks, from March 1, 1910, and give security to the commonwealth in the sum of $500 for the faithful performance of this order, pay the costs and stand committed till the order is complied with. This is all regular and in accordance with the statute and the adjudicated cases.

Counsel for appellant makes an elaborate argument

based on the proposition that, "There was no conviction of desertion." The burden of his argument is that under the title the act will not support an order for the maintenance of the wife, except a case of desertion is charged and made out. Granting, arguendo, that this is so, then how does the case stand? The charge of record is wife desertion and neglect to support his wife. The court on hearing made an order for the support of the wife and it is to be presumed in this appeal that he heard evidence and found that the defendant was guilty of desertion.

The effect of an appeal in such a proceeding is merely that of a common-law certiorari, and on it nothing is to be determined other than whether or not the record and proceeding are regular in form: Com. v. James, 142 Pa. 32; Com. v. Smith, 200 Pa. 363; Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Isaacman, 33 Pa. Superior Ct. 384; Com. v. Brownell, 35 Pa. Superior Ct. 249.

In Com. v. Smith, 200 Pa. 363, the Supreme Court said: "If the record shows that the husband was charged with desertion, upon the oath of his wife, a hearing, conviction and appropriate sentence, there is nothing for us to do but to approve the judgment." In Com. v. Brownell, 35 Pa. Superior Ct. 249; it was objected that the record was defective because it did not state that the order had been made after hearing. This court, by President Judge Rice, said: "Although the record of the court below does not state the order was made after hearing, that is to be presumed." In many of the reviewed and decided cases the record did not affirmatively show that the defendant was convicted of desertion, except as implied from the charge, hearing, and the order for support.

In Com. v. Isaacman, 33 Pa. Superior Ct. 384; we held that neither the finding of the court from the evidence nor the agreement of the counsel as to the facts can be reviewed by the appellate court.

In Com. v. Brownell, 35 Pa. Superior Ct. 249; President Judge Rice, speaking for the court, said: "It is apparent from this general statement of the defendant's

contention that it involves questions of fact which cannot be determined by inspection of the record; and it is needless to say that the evidence given on the hearing, although printed in the paper-book, cannot be resorted to for that purpose. It is equally well settled that the recital of facts in the opinion filed by the court of quarter sessions in a desertion proceeding does not bring them upon the record for purposes of review."

The question raised by the learned counsel for appellant in this appeal is, first, one of law as to the meaning of the record in respect of the conviction. This we have determined against his contention. Second, we are asked to find from a recital of facts in the discussion by the court below that there was in fact no desertion.

It is well settled by the above and many other cases that the facts recited in the opinion filed by the lower court cannot be examined or looked into upon this appeal. What then is the position of the appellant's counsel? The record does not show that the defendant was not convicted of desertion, but the presumption from it is strong that he was so convicted. Next we are asked to find as a fact that there was no desertion although the learned counsel did not even print the evidence in his paper-book. However, in this he was right, because the law provides no method, in this class of cases, of having the evidence made a part of the record so that an appellate court can review it.

We do not feel called upon to decide the constitutional question discussed by the appellant's counsel, to wit, that the words of the act of 1867, "Or shall neglect to maintain his wife, or children," are unconstitutional. It is not clear to us that the quoted words are not a part of the subject indicated by the title. And they seem to be germane to that subject. In Carey v. Carey, 25 Pa. Superior Ct. 223, in an opinion by our Brother PORTER we find the following: "The facts upon which the exercise of this jurisdiction is, by the statute, made dependent are, that the husband, 'shall separate himself from his wife,

or from his children, without reasonable cause, or shall neglect to maintain his wife or children.' There must necessarily arise under this statute two classes of cases, one in which the husband separates himself from his wife, deserting her and taking up his own abode elsewhere, and second, the other where the husband neglects to maintain his wife, although he may still continue to reside under the same roof with her. A husband possessed of property, or having the opportunity and ability to work, who neglects to maintain his wife and children, is liable to prosecution under this statute, although he may never have withdrawn from the common home. Maintenance is the sole object of the act: Keller v. Com., 71 Pa. 413; Com. v. Tragle, 4 Pa. Superior Ct. 159."

The above indicates that neither Judge PORTER nor any member of this court believed that the words of the Act "or shall neglect to maintain his wife, or children," are unconstitutional. Of course it is true that the constitutional question was not raised in that case and we do not now decide it.

Order affirmed and appeal dismissed at costs of appellant.