# Commonwealth *v.* Friedlander, Appellant.

*Husband and wife—Order of support—Appeal—Certiorari.*

1. An appeal from an order of support operates only as a common-law certiorari, and on it the appellate court can pass upon nothing but the regularity of the proceedings of the court below as disclosed by the record. The evidence and the facts recited in the opinion of the court below are no part of the record, and cannot be considered.

2. Where on an appeal from an order on a husband to support his wife and children, the record shows that the appellant was found in Pennsylvania at the time the information was made and the warrant issued, and there is nothing in the record to indicate that he was a citizen and resident of another state, the appellate court will not reverse the order on the ground that the evidence in the case showed that the appellant was a citizen of another state.

3. An information or complaint for an order of support must indicate whether the defendant is charged with failure to maintain his wife or children or both. It may not be required that this should be

done in the precise language of the statute, but it should be done in words which have substantially the same meaning.

4. An order of support directing a man to pay weekly amounts for the support of his wife and children will be reversed where nothing is shown as to the nature of the charge against defendant, except a portion of the transcript of the magistrate's record as follows: "Warrant issued on November 20, 1911, on oath of Emma Friedlander. Defendant charged with insufficient support."

Argued Oct. 11, 1912.   Appeal, No. 196, Oct. T., 1912, by defendant, from order of Q. S. Phila. Co., Dec. T., 1911, for support in case of Commonwealth v. David Friedlander.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Proceedings in desertion and for nonsupport.

The transcript of the magistrate was as follows:

"Warrant issued on November 20, 1911, on oath of Emma Friedlander.   Defendant charged with insufficient support.

"After hearing, defendant required to give bail in the sum of $300, conditioned for his appearance at the next term of court.

"Defendant residing at 341 Orianna Street.·

"Bondsman Bail by D. Friedlander, residing at 341 Orianna Street, and                                    residing · at

"The following persons, each held in $000 to appear and testify at the said Term of Court:—

   "*Names of witnesses.     Residence.*

   "Emma Friedlander, Westmont, N. J."

The order of the court of quarter sessions was as follows:

"July 30, 1912.   Present, Hon. W. H. Staake.   After hearing, the Court orders and decrees that the defendant, David Friedlander, pay the sum of $10 per week for the support of his wife, Emma Friedlander, and the further sum of $4.00 per week for each of his minor children, Sophia, Julia, Anna, Josephine and Elvira, from the thirtieth day of July, A. D. 1912, and give security of one or more sureties to the commonwealth in the sum

of $500, for the faithful performance of this order, pay the costs, and stand committed until the order is complied with."

*Error assigned* was the order for support.

*John H. Fow,* for appellant.—The court had no jurisdiction: Keller v. Com., 71 Pa. 413; Com. v. Tragle, 4 Pa. Superior Ct. 159; Fulford v. Fulford, 19 Pa. Dist. Rep. 821.

The magistrate's transcript forms the basis of this case, and these proceedings must therefore be treated in this argument as a certiorari under which the jurisdiction of the court below and the regularity of the proceedings can be considered: Com. v. Hart, 12 Pa. Superior Ct. 605; Com. v. Tragle, 4 Pa. Superior Ct. 159.

The charge was insufficient to sustain the order of support: Anthony's App., 2 Phila. 155.

*Eugene C. Bonniwell,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for appellee.—The effect of an appeal in such a proceeding is merely that of a common law certiorari, and on it nothing is to be determined other than whether the record and proceedings are regular in form: Commonwealth v. James, 142 Pa. 32; Commonwealth v. Smith, 200 Pa. 363; Commonwealth v. Mills, 26 Pa. Superior Ct. 549; Commonwealth v. Isaacman, 33 Pa. Superior Ct. 384; Commonwealth v. Brownell, 35 Pa. Superior Ct. 249; Commonwealth v. Dilks, 45 Pa. Superior Ct. 339.

The record itself does not show that the parties were nonresidents of Philadelphia county.

Under the act of 1867, the question as to the domicile of the parties or of the place where the desertion occurred is immaterial: Barnes v. Commonwealth, 11 W. N. C. 375; DeMott v. Commonwealth, 64 Pa. 302; Keller v. Commonwealth, 71 Pa. 413; Commonwealth v. Tragle, 4 Pa. Superior Ct. 159; Commonwealth v. Hart, 12 Pa. Superior Ct. 605.

The defendant here had full notice of the nature of the charge against him; he heard the testimony of his wife at the preliminary hearing before the magistrate, and knew that she complained of his failure to support his children as well as herself. The objection that he now makes, which he did not urge in the court below, is to something that in no way prejudiced his rights or affected him, and should not, after a full hearing of his case on its merits, be allowed to set aside the well-considered and determined judgment of the court below: Com. v. R. R. Co., 23 Pa. Superior Ct. 235; Com. v. Hart, 12 Pa. Superior Ct. 605.

OPINION BY PORTER, J., April 21, 1913:

On this appeal we are called upon to review the order of the court below requiring the defendant to pay the sum of $10.00 per week for the support of his wife, and $4.00 per week for each of his five minor children. The proceeding originated in a complaint made by Emma Friedlander, who seems to have been the wife of defendant although not so designated in the complaint, before a magistrate of the city of Philadelphia, in pursuance of which a warrant was issued, the defendant arrested, and after a hearing held to bail for his appearance at the court of quarter sessions. The transcript of the magistrate was returned to the court of quarter sessions and that court, after a hearing, made the order from which the defendant appeals.

The primary complaint of the appellant is that the court was without jurisdiction to make the order for the reason that he is a citizen and resident of the state of New Jersey and that his family also there reside. This contention raises a question of fact which it is not our province to review. The appeal in this case operates only as a common-law certiorari, and on it we can pass upon nothing but the regularity of the proceedings of the court below as disclosed by the record. Our duty is to ascertain from the record whether the court had jurisdiction and

the proceedings were regular. The evidence and the facts recited in the opinion of the court below are no part of the record and cannot affect the decision of the question here presented: Com. v. James, 142 Pa. 32; Com. v. Smith, 200 Pa. 363; Com. v. Isaacman, 33 Pa. Superior Ct. 384; Com. v. Brownell, 35 Pa. Superior Ct. 249; Com. ex rel. v. Dilks, 45 Pa. Superior Ct. 339. This proceeding was founded upon the provisions of the Act of April 13, 1867, P. L. 78, which ordains, "That if any husband, or father, being within the limits of this Commonwealth, has, or hereafter shall, separate himself from his wife, or from his children, or from his wife and children, without reasonable cause, or shall neglect to maintain his wife, or children, it shall be lawful for any alderman, justice of the peace, or magistrate, of this Commonwealth, upon information made before him under oath, or affirmation, by his wife, or children, or either of them, or by any other person, or persons, to issue warrant to the sheriff, or any constable, for the arrest of the person against whom information shall be made, as aforesaid, and bind him over, with one sufficient surety, to appear at the next Court of Quarter Sessions." The succeeding sections direct the manner in which the information and proceedings thereon shall be returned to the court of quarter sessions and invest that court with jurisdiction, after a hearing, to order the person against whom the complaint has been made, to pay such sum as said court shall think reasonable and proper, for the support and maintenance of the said wife, or children, or both, not exceeding one hundred dollars per month. It was said by the Supreme Court, in Barnes v. Com., 11 W. N. C. 375, "We think it very clear that the Act of April 13, 1867, P. L. 78, gives the court jurisdiction whenever a husband shall neglect to maintain his wife or children, without reference to where the original desertion may have been." This appellant was found in the state of Pennsylvania at the time the information was made and the warrant issued and there is nothing in the record to indicate that he was a citizen and resident

of New Jersey. The contention of the appellant that the order should be reversed because he was a citizen and resident of the state of New Jersey is, therefore, not well founded.

The second ground upon which the appellant seeks to reverse the order is, that the complaint made before the magistrate was not sufficient to support the order of the court. The statute upon which the jurisdiction of the magistrate and the court below was founded required that the proceeding should be begun by information made before the magistrate under oath. It is not necessary in an information or complaint of this character that the niceties of technical pleading should be required, but facts necessary to sustain the jurisdiction should be stated. The persons who are entitled to the benefit of the provisions of the statute are wives or children. The provisions of the act clearly indicate that it was the intention of the legislature that the failure of a husband to maintain his wife should render him subject to prosecution, although he might be making proper provision for his children, and, also, that a man who properly maintained his wife might be proceeded against for failure to maintain his children. The information or complaint should, for this reason, indicate whether the defendant is charged with failure to maintain his wife or children or both. It may not be required that this should be done in the precise language of the statute, but it should be done in words which have substantially the same meaning. All that is shown, as to the nature of the charge against this defendant, by the transcript of the magistrate's record returned to the court below is as follows: "Warrant issued on November 20, 1911, on oath of Emma Friedlander. Defendant charged with insufficient support." This was wholly insufficient, it utterly failed to indicate whom or what this defendant had failed to sufficiently support, whether his father, grandfather, or the cause of good government generally. It did not appear in the information or complaint, as disclosed by the transcript

of the magistrate, that it was even asserted that this defendant had either a wife or a child. There was nothing upon the record of the magistrate to indicate that the defendant was, as a husband or father, subject to the provisions of the statute. The court erred, therefore, in making an order not supported by the information on which the proceeding was founded: Anthony's Appeal, 2 Phila. 155.

The order of the court below is reversed and the defendant is discharged from his recognizance.

ORLADY, J., concurs in the judgment.