## Commonwealth, Appellant, *v.* Runkle.

*Appeals—Certiorari—Quarter sessions—Order dismissing desertion proceedings.*

Under the Act of May 9, 1889, P. L. 158, an appeal from a final order made by the court of quarter sessions in a prosecution for desertion instituted under the Act of April 13, 1867, P. L. 78, operates only as a common-law writ of certiorari, and on such appeal the appellate court cannot pass upon the evidence, but only upon the regularity of the proceedings as disclosed by the record. In such a case a finding that the prosecutrix was not in fact the wife of the defendant, cannot be reviewed by the appellate court.

Argued Dec. 2, 1913. Appeal, No. 17, Oct. T., 1913, by plaintiff, from order of Q. S. Schuylkill Co., May T., 1912, No. 645, dismissing desertion proceedings in case of Commonwealth, Amanda Runkle, Prosecutrix, v. Morris Runkle. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Proceedings for desertion. Before BECHTEL, P. J.

From the record and opinion of the court below it appeared that the proceedings were dismissed because the court found as a fact that the prosecutrix was not the wife of the defendant.

*Error assigned* was order dismissing the proceedings, and various findings and rulings.

*William Wilhelm,* for appellant.

*C. E. Berger,* for appellee.

OPINION BY RICE, P. J., February 20, 1914:

This is an appeal, by the prosecutrix, from the order of the court of quarter sessions dismissing, after hearing, the desertion proceedings instituted by her. The proceedings were in all respects regular, but the argument of appellant's counsel suggests the propriety of some reference to the subject of the extent of our revisory jurisdiction in such cases. It is well settled by numerous decisions that the Act of May 9, 1889, P. L. 158, providing that all appellate proceedings theretofore taken by writ of error, certiorari, or appeal should thereafter be taken in a proceeding called an appeal, did not extend the right of review, or change its extent, in cases already provided for, or modify in any manner its exercise. Under this construction of the act of 1889 it necessarily results, and the decisions uniformly hold, that an appeal from a final order made by the court of quarter sessions in a prosecution for desertion instituted under the Act of April 13, 1867, P. L. 78, operates only as a common-law writ of certiorari, that on such appeal the appellate court can pass on nothing but the regularity of the proceedings as disclosed by the record, and that the evidence given on the hearing is not part of the record. It follows that, though a transcript of the evidence be sent up and be printed in the appellant's paper-book, we cannot go into it for the purpose of ascertaining whether the court's findings of fact, which are necessarily implied in its final order, are correct or not. This conclusion, which, in effect, accords finality to the court's decision on questions of fact arising upon the evidence given on the hearing, does not rest on a mere technical rule of pleading or procedure which the court has adopted and may rescind, but upon the broader ground that the jurisdictional limitations attached to review by certiorari still remain and must be observed by the appellate court until they are changed by the law-making power. These principles have been very strictly adhered to in appeals

from orders of the quarter sessions in desertion cases whenever the question has been raised, as will be seen upon reference to these, amongst the many decisions upon the subject: Com. v. Smith, 200 Pa. 363; Com. v. Isaacman, 33 Pa. Superior Ct. 384; Com. v. Brownell, 35 Pa. Superior Ct. 249; Com. v. Edgar, 44 Pa. Superior Ct. 496; Com. v. Dilks, 45 Pa. Superior Ct. 339; Com. v. Friedlander, 53 Pa. Superior Ct. 221.    Here, the vital question was whether the prosecutrix was the wife of the defendant.  The court, after due and regular hearing, found as a fact that she was not, and upon that ground dismissed the case.  According to the doctrine of the above decisions, this finding would seem to be conclusive of the question.  Nor is a different result reached even though it be conceded (a point not decided) that the court's findings of fact, which were filed in connection with the order and are recapitulated in the sixteenth assignment of error, are part of the record.  These facts were evidence of marriage, but they did not raise a conclusive and irrefutable presumption of marriage.  See Grimm's Est., 131 Pa. 199; Com. v. Haylow, 17 Pa. Superior Ct. 541, and cases there cited.  In other words, notwithstanding these facts, other evidence in the case may have fully warranted the court's final conclusion that there was no marriage in fact.  Whether this conclusion was right or wrong could only be determined by an examination of all the evidence, and, as has been seen, such review cannot be had on this appeal.  We do not intimate that the court committed error in its conclusion upon the question of marriage; but, if it did, it is beyond our correction.

All the assignments of error are overruled and the order is affirmed.