## Margaret E. Banks, Appellant, *v.* Charles P. Banks.

*Divorce—Service of process—Publication of notice—Act of March 13, 1815*
  The Act of March 13, 1815, 6 Sm. L. 287, sec. 3, is not mandatory as to the time of publication of notice to the respondent to appear. The object is notice and the libellant may issue any number of alias and pluries subpœnas to secure personal service before resorting to publication as a constructive notice.

Argued Nov. 9, 1898. Appeal, No. 172, Oct. T., 1898, by plaintiff, from order of C. P. No. 3, Allegheny Co., Feb. T., 1897, No. 380, dismissing libel in divorce. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Libel in divorce.

The grounds for dismissing the libel were stated by POR-TER, J., as follows :

The subpœna in this case was issued returnable to the first Monday of February, 1897, and the alias subpœna was issued to May term, returnable the first Monday of May; both were duly returned, under oath, non est inventus. The act of assembly required, if it was desired to proceed further, that the publication by the sheriff should be "prior to the then next term of said court." The next term was August term, and the publication ought to have been for four weeks prior to the first Monday of August, 1897. The purpose of the requirement of the act is to definitely fix a time prior to which the notice must be published. The publication in this case was not made in time, and for this reason the libel must be dismissed, as the law does not provide for any publication at a later date.

*Error assigned* was the decree of the court.

*James H. Porte*, for appellant.

No counsel appeared contra.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899:

The Act of March 13, 1815, sec. 3, 6 Smith's Laws, 287, prescribes that upon an alias subpœna in divorce being returned that the party could not be found in the county, the sheriff shall cause notice to be published "for four weeks successively prior to the first day of the then next term," requiring respondent to appear, etc. The learned judge below was of opinion that this statute was mandatory that the publication should be before the next term following the return of the alias subpœna, and that a term having been allowed to intervene in the present case, the proceeding was defective and the libel must be dismissed. This construction of the act is the only question in the case.

The object of the section is to secure notice of the proceeding to the respondent by service, personal if possible by reasonable effort, and if not, by what shall be treated as equivalent. Therefore it requires a subpœna and an effort to serve it personally. If this first effort fails, a second must be made on an alias, and it is only on proof of the failure of this, that the publication of notice is allowed as a constructive service. After the filing of the libel, the subpœna may be issued commanding the respondent to appear at "the next or any subsequent term;" on the return of this subpœna not served, the alias issues, again returnable at "the next or any subsequent term;" if this cannot be served the next step is the advertisement, requiring the respondent to appear, and again at that next "or any subsequent term," the proceedings may go forward as if upon personal service. It is manifest that the sole purpose is to secure personal service or what the statute has made equivalent. In general, where personal service is required, it must be pursued by alias, pluries, second pluries, etc., and the party cannot go forward the next step until it is effectively secured. The act of 1815 in relief of such protracted effort permits the substitution of the advertisement, only requiring that to be an effective substitute it shall be for four weeks before the next step is taken. In every other part of the act the time of each step in the proceeding is left so largely in the choice of the libellant, that unless some reason appears for restricting the choice in

regard to the time of advertising it would seem contrary to the general intent of the act to so construe it. No such reason is apparent. What is mandatory is that the respondent shall have at least four weeks' constructive notice by the advertisement before the term at which he is bound to appear. He must not have less, but it is not forbidden that he may have more. There is nothing in the act to prevent the libellant from taking as many terms as are necessary and continuing the effort by successive pluries subpœnas until one is successful. The object is service, and while constructive service by publication is permitted under certain conditions it is not made mandatory under any. Actual service on a pluries writ will obviate all necessity for it. Actual service on the person is of far higher rank in the law, and has some advantages in divorce cases of which the libellant should not be deprived. Thus it saves many questions of jurisdiction, and, under the Evidence Act of May 23, 1887, sec. 5, P. L. 158, it makes the libellant a competent witness upon the whole case.

If after an alias has been returned non est inventus the libellant finds where the respondent is and desires to make another effort for personal service, the opportunity to do so on a pluries subpœna would be denied if the advertisement must necessarily precede the next term. This would be contrary to the plain intent of the act.

Decree reversed, proceedings reinstated and procedendo awarded.