Opinion by
Henderson, J.,
The appellant obtained a decree of divorce April 3, 1905. There was a reference to a master, his report recommending a divorce, a rule for a final decree and proof of service of the rule, in due course before the decree was entered. Nearly two years thereafter the respondent presented a petition to have the decree set aside on the allegation that the understanding of the petitioner was that she and her husband were to sign separation papers; that when she afterward learned that her husband had sued for a divorce she called upon an attorney and authorized him to act for her; that some time thereafter her *295 husband induced her to instruct her attorney to withdraw his appearance for the reason that their “affair” was over and should it ever come up again he, the attorney, would be notified; that she had no notice of the subsequent proceedings. The petitioner further represented that the grounds of divorce set up by the appellant were not true. The evidence taken on the rule to set aside the decree leads strongly to the conclusion that the respondent was aware of the divorce proceeding and that she voluntarily and deliberately omitted to make any defense although she was fully advised by her attorney as to the effect of such omission. A clear preponderance of evidence is to the effect that she also was served with a copy of the rule for a final decree. She admits that she knew the decree had been entered about a month thereafter. During the succeeding twenty-two months she made no movement to obtain a hearing or to set aside the decree. The court below was of the opinion that as the respondent never received actual notice of the meeting held for the purpose of taking testimony and was not present nor represented at that meeting and that as there was a conflict of testimony which raises a doubt whether she received notice of the final rule to show cause why a decree should not be entered the decree should be set aside. There is no finding that the rule for final decree was not served nor that the libel-ant had committed any fraud or used any undue means to secure the decree. There was a very good reason why the respondent did not have notice of the time when the testimony was taken — she instructed her attorney to withdraw his appearance and of this withdrawal the master did not have notice; but this was her own intentional act. She did not desire to be present at the hearing. She adopted the most effective means of removing herself from the case. Her own correspondence with her attorney clearly shows that she knew the proceeding was pending and she is presumed to have known that some action was likely to result therefrom. As to the service of notice of the rule we think the clear weight of the evidence is in contradiction of the respondent’s statement. And even if that were not so, she knew within a month after the decree was entered that that action had been taken. No objection was *296 then made, nor afterward until a question arose as to the provision for the maintenance of the child of the parties. Having knowledge of the decree it was her duty to act with reasonable promptness in seeking to set it aside if she had any cause to assign sufficient for that purpose. That a decree of divorce may be set aside for fraud or imposition admits of no doubt. The power is equitable, however. The ground of its exercise is exceptional and should appear of record so that it may clearly appear that it is not merely an arbitrary exercise of discretion: Fisher v. Ry. Co., 185 Pa. 602. The right of the court to open a judgment or set aside a decree after a trial and after the lapse of the term only exists in extraordinary cases and has not been extended to cases where the defendant’s own laches was the cause of his failure to have a hearing. Judgments and decrees regularly obtained are not to be set aside on slight considerations nor is encouragement to be given to inattention and indifference on the part of suitors. In the absence of fraud on the party against whom the judgment or decree has gone or imposition on the court the conclusiveness of the proceeding ought not to be in doubt. We have failed to find evidence of fraud or imposition which in our opinion justifies the vacation of the decree in this case. The conduct of the respondent amounts to a waiver of any irregularity in the service of notice on her of the taking of testimony. We have not the evidence in the original proceeding before us, but as it was deemed sufficient. by the master and court to support the decree we may assume it to be of such a character here. The court below did not enter into a consideration of the merits of the case, but limited the inquiry to evidence as to the services of the rule and of fraud on the part of the libelant. This evidence we conclude is not sufficient to sustain the petition of the respondent.
The decree is reversed.