## Commonwealth *v.* McDermott, Appellant.

*Husband and wife—Common-law marriage—Insufficient proof— —Maintenance.*

On a petition to the Municipal Court of Philadelphia for support, on the allegation that the complainant was the common-law wife of the defendant, it appeared that the parties had commenced their illicit relations while the petitioner was married to another man, and that they had continued them after her divorce, and that no marriage had ever taken place. Under such circumstances, the testimony to establish the marriage is insufficient, and an order granting support will be reversed.

Argued October 21, 1920. Appeal, No. 237, Oct. T., 1920, by respondent, from order of Municipal Court of Philadelphia, July T., 1920, No. 1187, directing a payment in support, in the case of Commonwealth v. William McDermott. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Petition for order of support. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The court found the petitioner to be the common-law wife of the defendant and made an order that the defendant pay a sum of five dollars a week. Defendant appealed.

408, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*M. T. McManus,* and with him *John M. Hill,* for appellant, cited: Hunt's App., 86 Pa. 294; Appeal of the Reading Fire Insurance Company, 113 Pa. 204; Grimm's Est., 131 Pa. 199; Patterson's Est., 237 Pa. 24; Fuller's Est., 250 Pa. 78; Bisbing's App., 266 Pa. 529.

*E. V. Alessandroni,* for appellee, filed no printed brief.

OPINION BY ORLADY, P. J., March 5, 1921:

Elizabeth McDermott alleged that she was the common law wife of the defendant William McDermott, and presented a petition to the municipal court praying for an order for support. The warrant was issued, whereupon the petitioner and defendant appeared in court and a full hearing was had, after which the court made an order directing the defendant William McDermott to pay to his wife, Elizabeth McDermott, "whom under all the circumstances the court finds to be the common-law wife of the defendant" the sum of $5 per week for her support, etc.

This appeal is presented and after an examination of all the testimony, it is manifest that the decree was made without authority of law. While no opinion was filed, the record presents all the facts without any dispute by the parties. When the relator, then Mrs. Stupka, with her husband living, entered into criminal relations with the defendant, he was a boarder in her mother's house, and these relations continued for a number of years. She was divorced from her husband, Charles Stupka, in 1913, after which the criminal relations between the parties continued. It is conceded that this relation was illicit in its inception, and both man and woman testified that no marriage ceremony had ever been solemnized between them, she alleging that he promised to marry her, and he denying that he had ever intended to do so. Both parties admit cohabitation and there is not a shade

of testimony to establish any form of marriage. These relations are only circumstances from which a marriage may be presumed, and this presumption may be rebutted and wholly disappears in the face of proof that there had been no marriage in fact: Hunt's App., 86 Pa. 294. This was followed by Reading Fire Insurance Company's App., 113 Pa. 204, in which it was said, "when the relation between a man and woman living together is illicit in its inception, it is presumed so to continue until a changed relation is proved. Without proof of subsequent actual marriage, it will not be presumed, from continued cohabitation and reputation of a relation between them, which was of illicit origin."

The same is held in Grimm's Est., 131 Pa. 199; Com. v. Gamble, 36 Pa. Superior Ct. 146; Com. v. Runkle, 56 Pa. Superior Ct. 131; Com. v. Haylow, 17 Pa. Superior Ct. 541.

There being no proof of marriage, the court was without authority to make the order of which this appellant complains. .

The judgment is reversed.