## Zanes v. Zanes.

*Divorce—Annulment of decree—Fraud—False testimony by libellant as to residence of respondent—Notice of meeting before master—False representations by libellant to respondent as to proceedings.*

A decree of divorce will be annulled on the ground of fraud or imposition upon the respondent, and, in some respects, upon the court, where service of the subpœna was had by publication only; where the libellant testified before the master that the respondent then was living in Canada and never had left there, when, as a fact, the libellant well knew that the respondent then was living in Pennsylvania; where the libellant failed to make known the respondent's actual place of residence so that the master's notice of the time and place of taking testimony could be served personally on the respondent when the libellant knew that the respondent could be found in this State; where the respondent had no actual notice or knowledge of the time and place of taking testimony, and was not present at the hearing, and where the libellant proceeded with the case without notice to the respondent, after having represented to the respondent that the case had been or would be discontinued, and that no further action would be taken therein, which caused the respondent to fail to have an appearance entered for her in the action or to give any further attention thereto.

Rule to show cause why a decree of divorce should not be set aside and annulled. C. P. Fayette Co., March T., 1921, No. 58.

*Fred D. Munson*, for libellant.

*Meyer Morris* and *N. W. Rosenberg*, for respondent.

VAN SWEARINGEN, P. J., April 18, 1922.—A libel in divorce on the ground of desertion was filed on Dec. 16, 1920, and the case was so proceeded in that, on May 24, 1921, a decree of divorce was entered. It was set forth in the libel, which was sworn to on Dec. 15, 1920, that the residence of the respondent then was unknown, and that her last known address was No. 117 Archibald Street, Fort William, Province of Ontario, Dominion of Canada. Service on the respondent was had by publication only. On June 27, 1921, on petition of the respondent, a rule was granted on the libellant to show cause why the decree of divorce should not be revoked, it being alleged in the petition that the decree had been procured by fraud on both the respondent and the court.

It appears of record satisfactorily to the court, and we find the facts to be, that for a number of years the parties had been living at Fort William, Ontario, Canada, and that on or about July 1, 1913, the libellant came to Kentucky and later to Connellsville, in this county, where he since has resided, working at Scottdale, a short distance away; that the parties are the parents of six children, all of whom now are of age and are self-supporting, except the youngest, who is eleven years old and lives with its mother; that during his absence from Canada the libellant contributed to the support of his wife and child, who still continued to live there; that on or about March 25, 1921, the respondent received a copy of a newspaper containing a notice that the libellant had made an application here for a divorce from the respondent; that the respondent came to Scottdale and called at the place where the libellant was employed on or about April 6, 1921, but that the libellant refused to see her; that on or about April 14, 1921, the respondent made an information against the libellant, charging him with desertion and non-support, and, following a hearing thereon before Justice of the Peace W. M. Kennel, on April 17, 1921, the libellant was committed to jail in default of bail; that on the following day the case was compromised by the parties on the libellant agreeing to pay his wife the sum of $60 per month for the support of herself and child, the libellant at that time representing to his wife that

the divorce case had been or would be discontinued, and that no further action would be taken therein; and that, relying on those statements of her husband, the respondent did not cause an appearance to be entered for her in the divorce action and did not give any further attention thereto, but thereafter lived as a domestic in the home of Walter Stauffer in Scottdale, and that her husband from that time on had full knowledge of her whereabouts.

Thereafter, on May 3, 1921, on motion of libellant's counsel, a master was appointed to take testimony in the divorce case and report the same, together with his opinion thereon, to the court. The master set May 12, 1921, as the time, and Connellsville as the place, for taking the testimony, and to a notice thereof placed in the hands of the sheriff for service a return of *n. e. i.* was made, and a copy thereof was posted in the prothonotary's office on May 5, 1921, and remained so posted until the day of hearing, no personal service of the notice being had on the respondent, although the libellant well knew she then was living at the Stauffer home in Scottdale, but six miles from the place set for taking the testimony, and the respondent had no actual notice or knowledge of the time and place set for hearing, or that testimony was to be taken, and she was not present at the hearing.

At the hearing before the master the libellant testified, *inter alia*, as follows: "Q. What is the present residence, if you know, of your wife? A. Last known address was 117 Archibald Avenue, Fort William, Province of Ontario, Dominion of Canada. Q. Did she ever leave Canada? A. She did not."

At the hearing before the court on the rule to revoke the decree of divorce the libellant testified, *inter alia:* "The record shows that you had seen your wife twice down in Squire Kennel's office in Scottdale around the 18th of April, hadn't you? A. Yes, I had saw her. Q. When did you go to Atlanta? A. I don't remember the date; it was the Friday before. Q. Was it the day Mrs. Zanes called you up? A. No; Mrs. Zanes called me up on the day she landed in Scottdale, along about the 1st of April. Q. Mr. Zanes, why did you go to Atlanta? A. I just took a trip; I did not want to be arrested, and I went away for a week."

The rules of this court provide that the master "shall not proceed to take depositions until he is satisfied by due proof that five days' notice of the time and place of taking the same has been given to the respondent, when he or she can be found within the State; if the respondent cannot be so found, then proof that such notice has been posted in a conspicuous place in the office of the prothonotary for five days shall be sufficient." We are of opinion that the testimony of the libellant, given before the master, that the last known address of the respondent was Fort William, Ontario, Canada, and that she never left Canada, and the failure of the libellant to make known the respondent's actual place of residence so that the master's notice of the time and place of taking the testimony could be served personally on the respondent when he knew she then could be found in this State, and within six miles of the place where the testimony was to be taken, and his proceeding with the case without notice to the respondent, after having represented to the respondent that the case had been or would be discontinued, constitutes such fraud or imposition upon the respondent, and in some respects upon the court, as warrants the court in setting aside the decree of divorce heretofore entered. "That a decree of divorce may be set aside for fraud or imposition admits of no doubt. The power is equitable, however. The ground of its existence is exceptional and should appear of record so that it may clearly appear that it is not merely an arbitrary exercise of discretion:" Catts *v.* Catts, 35 Pa.
2 D. & C.

Zanes *v.* Zanes.

Superior Ct. 293. There are many other cases to the same effect, each with its own distinct and peculiar facts and circumstances.

And now, April 18, 1922, for the reasons and upon the grounds stated in the opinion herewith filed, the rule to show cause is made absolute, and the decree of divorce heretofore entered in this case is set aside, vacated, revoked and annulled.                   From Luke H. Frasher, Uniontown, Pa.