## Zettlemoyer *v.* Zettlemoyer, Appellant.

*Divorce—Rule to vacate decree—Practice, Superior Court—Failure to appeal—Review of testimony—Abuse of discretion—Act of May 20, 1891, P. L. 101.*

The respondent in a divorce suit who took no appeal from the decree against her, within the time allowed for appeal, cannot obtain a review of the evidence after the death of the libellant by taking out a rule to vacate the decree, which was regularly entered after jurisdiction of the subject-matter and of the parties had been established.

The Superior Court may, however, examine the evidence and review the conclusion of the court below upon the refusal to vacate the decree under the Act of May 20, 1891, P. L. 101, allowing an appeal from a refusal to open, vacate or strike off judgments. Under that act the judgment of the court below must be affirmed, unless it appears that there was an abuse of discretion.

Where the evidence shows that the respondent had notice of the decree in time to appeal, and did nothing, but expressed indifference, there was no abuse of discretion in refusing to vacate the decree upon the rule subsequently obtained.

Argued December 6, 1921.   Appeal, No. 268, Oct. T., 1921, by respondent, from judgment of C. P. Northampton County, Dec. T., 1917, No. 59, alias Sept. T., 1918, No. 42, discharging rule to vacate the decree, in the case of John Zettlemoyer v. Lydia Zettlemoyer.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Rule to vacate decree in divorce.   Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

The court below dismissed the rule.   Lydia Zettlemoyer, petitioner for the rule, appealed.

*Error assigned* was the judgment of the court.

*George F. Brumm,* and with him *Frank Reeder, Jr.,* for appellant.—An appeal may be taken from the refusal

to revoke a decree in divorce: Field v. Field, 67 Pa. Superior Ct. 355.

The court on appeal will always review the testimony and adjudge whether it sustained the complaint: Smith v. Smith, 15 Pa. Superior Ct. 366; Faunce v. Faunce, 20 Pa. Superior Ct. 220.

*Clarence F. Smith,* of *Smith, Paff & Laub,* and with him, *N. M. Balliett,* for appellee.—A decree in divorce will not be opened where the respondent has been guilty of gross laches: Catts v. Catts, 35 Pa. Superior Ct. 293; Nagle v. Nagle, 43 Pa. Superior Ct. 442; Field v. Field, 67 Pa. Superior Ct. 355.

The Superior Court will only reverse where there has been a clear abuse of discretion in the court below: Given v. Given, 25 Pa. Superior Ct. 467.

OPINION BY LINN, J., July 13, 1922:

This is an appeal from the discharge of a rule to show cause why a decree of divorce should not be vacated. The divorce was decreed on December 5, 1918, for desertion. John Zettlemoyer, who had been libellant, died February 10, 1920. On July 26, 1920, Lydia Zettlemoyer, respondent in the divorce suit, filed her petition for the rule to show cause now before us. Pursuant thereto, the court ordered the rule "to be personally served, together with a copy of the petition upon Annie S. Bachman and Edgar P. Bachman, administrators of the estate of John Zettlemoyer, deceased." The administrators filed a joint answer, and William Zettlemoyer, a brother of John Zettlemoyer, also filed an answer.

The petition averred that the divorce was procured by "fraud, conspiracy and perjury" of libellant and the two Bachmans (who had testified on behalf of libellant) in concealing the residence and whereabouts of petitioner whereby she was deprived of notice of the suit. The court heard the evidence offered in support of the allegations respectively made in the petition and answers,

and filed an opinion stating its conclusion that petitioner had actual notice of the divorce proceeding in time to raise any questions now raised and failed to do so, and accordingly discharged the rule. The only assignment of error is to that action.

The libel was filed in December, 1917, and a subpœna was awarded properly returnable. The sheriff made return that he could not find the respondent in the county, and therefore could not serve the subpœna upon her. In July, 1918, the court awarded an alias subpœna duly returnable, to which the sheriff made a similar return. Thereafter on a showing of those facts, the court ordered the sheriff to give notice by publication pursuant to the statute (section 3, Act of March 13, 1815, 6 Sm. Laws 287) and to the rules of court. In November the sheriff made return that he had caused notice to be published once a week for four successive weeks, etc., in a newspaper of general circulation in Northampton County, as well as in the local legal journal; thereupon the proceeding could "go forward as if upon personal service": Banks v. Banks, 189 Pa. 196. Subsequently a master was appointed who entered on the performance of his duties, and in compliance with the rules of court, advertised in three issues of a paper of general circulation in Northampton County, that he would sit for the purposes of his appointment on December 6, 1918, at a place and hour designated. He held the meeting, took testimony, and filed his report, recommending a decree upon the ground of desertion. Thereafter, pursuant to the rules of court, notice of a final rule in divorce was published in three issues of a newspaper of general circulation in Northampton County, and though not customary, a copy of said final rule was sent by the sheriff to Lydia Zettlemoyer by registered mail to her supposed address at New Ringold, Schuylkill County, Pennsylvania; this mail she never received. When the rule came on for hearing in due course on December 30, 1918, a final de-

cree was made.   The court then had undoubted jurisdiction of the subject-matter and of the parties.

Appellant's argument proceeds on the theory that we must now examine the evidence taken in the divorce proceeding to determine whether it sustains the decree then made.   This point is, however, settled against appellant, for if no appeal from the final decree in divorce is taken within the period allowed by statute for that purpose, the same review cannot be obtained by appeal from the refusal to vacate a decree from which no appeal was taken in time: Given v. Given, 25 Pa. Superior Ct. 467, 470; Field v. Field, 67 Pa. Superior Ct. 355, 360.   We have, however, examined that evidence in connection with the evidence produced in the present proceeding for the purpose of applying the rule of law which must now be applied.   That rule was thus stated by Judge PORTER in Given v. Given, 25 Pa. Superior Ct. 467 at 472: "The burden was upon the appellant, in order to sustain her contention, to establish by evidence outside of the record the facts which required the vacation of this decree.   In passing upon the evidence, by which it was attempted to establish those facts, the court below was vested with a discretion.   Our jurisdiction to review the conclusion reached must be found in the Act of May 20, 1891, P. L. 101, allowing an appeal from a refusal to open, vacate or strike off judgments.   The proceeding is in the nature of an application to a chancellor, and upon appeal, the appellate court will only reverse when there has been a clear abuse of discretion: Kelber v. Plow Company, 146 Pa. 485; Jenkintown National Bank's App., 124 Pa. 337."   The rule was subsequently applied in Catts v. Catts, 35 Pa. Superior Ct. 293, and in Field v. Field, supra.

Now while appellant's contention is, as we have said, that her husband and the Bachmans, by conspiracy and perjury, kept her in ignorance of the divorce proceeding, she has not sustained her position.   The learned court below concluded that the evidence established "that re-

spondent had information of the divorce decree a short
time after same was entered, some time either the last
of December, 1918, or during the month of January,
1919, and discussed the granting of the decree with the
family of Edgar P. Bachman at a later period during the
months of July and August, 1919, expressing her indiffer-
ence to the granting of same." That conclusion is so
amply sustained by the testimony heard by the court that
we would not be warranted in substituting a contrary
finding therefor. With knowledge of the decree at or
about the time it was made, petitioner not only acqui-
esced more than a year, but then failed to offer evidence
supporting her allegation that the court had been im-
posed upon in making the decree. Without such evi-
dence it is obvious that she cannot now successfully urge
that the court below erred in disposing of her petition by
applying the rule of law quoted above. As there was no
abuse of discretion, we may not reverse.

The judgment is affirmed.