### Phillips v. Phillips.

*Divorce—Fraud in obtaining divorce—False statement as to residence— Setting aside divorce—Parties.*

1. A divorce, which has been obtained by a false and fraudulent representation of libellant as to her residence in Pennsylvania, will be set aside after the term at which the decree was entered.

2. Such an order will be made at the instance of the mother of the respondent, although the latter does not join in the application.

Petition to set aside decree granting divorce. C. P. Wayne Co., June T., 1922, No. 81.

*A. G. Rutherford*, for Mary E. Phillips, petitioner.

*M. E. Simons*, for Sadie E. Phillips, libellant.

SEARLE, P. J., Jan. 15, 1925.—A subpœna in divorce was granted libellant on Feb. 14, 1922, and served upon respondent in the County of Wayne. A master was appointed, who reported in favor of granting the divorce, and the court, upon examination of the evidence, approved the report of the master, and May 11, 1922, an absolute divorce was granted the libellant.

On Aug. 11, 1924, Mary E. Phillips, mother of Byron B. Phillips, the respondent, presented a petition to the court asking for rule to show cause upon Sadie E. Phillips and Byron B. Phillips why the divorce granted should not be revoked, said petition setting forth, among other things, the following:

"That in the libel filed in this case, the said Sadie E. Phillips set forth that she was a resident of Pennsylvania at the time of filing said libel, and had been for one year previous.

"That said statement was false and an imposition upon the court. The said Sadie E. Phillips was not a resident of Pennsylvania at the time of filing her libel, nor had she been a resident of said State of Pennsylvania one year prior to the date of filing the same, and the said Sadie E. Phillips has not been a resident of Pennsylvania for many years prior to the date of filing said libel."

Upon said petition the court made the following order:

"Now, to wit, Aug. 11, 1924, upon presentation of the within petition, a rule is granted upon Sadie E. Phillips, libellant, and Byron B. Phillips, respondent, to show cause why the divorce granted in this case should not be revoked and set aside, returnable to the second Monday of September, 1924. Service of this rule to be made personally if the parties are within the County of Wayne, or by registered mail if without the county, to their last known addresses."

The record shows that service was made upon both the said parties by registered mail, and the return receipts for such notices appear of record.

Byron B. Phillips, respondent, made no answer to said rule.

Sadie E. Phillips, libellant, answered said rule and stated that she "has since learned that her claim of residence in Wayne County was not correct,

Phillips v. Phillips.

and that her residence was actually in Hudson, New York, until just prior to filing her libel in divorce." And, further, that "she incorrectly stated in her affidavit and depositions that her residence was in Pennsylvania."

Ordinarily, control over a judgment after the term was asserted by a bill in equity. See Cochran v. Eldridge, 49 Pa. 365.

The ground for its exercise is exceptional and the reason should appear of record, so that it may clearly be seen "that it is not a mere arbitrary exercise of discretion:" King v. Brooks, 72 Pa. 363.

The right of the court to vacate a decree in divorce obtained by fraud or imposition cannot now be questioned: Allen v. Maclellan (opinion by Gibson, J.), 12 Pa. 328. Fidelity Ins. Co.'s Appeal, 93 Pa. 242: In this case a divorce obtained by fraud was set aside twelve years after it was entered. Also, Boyd's Appeal, 38 Pa. 241, and Catts v. Catts, 35 Pa. Superior Ct. 293.

The usual and most direct proceeding to set aside a decree of divorce obtained by fraud is by petition and rule: Wilt v. Wilt, 2 Dauphin Co. Reps. 100.

A fraudulent representation on the part of the libellant as to her residence in order to confer jurisdiction is ground for setting aside a decree in divorce: Zanes v. Zanes, 2 D. & C. 161; Allen v. Maclellan, 12 Pa. 328; De Hollander v. De Hollander, 2 D. & C. 561, and see cases cited on page 565 in said opinion.

In the instant case the facts are clear and undisputed that a fraud was practiced by the libellant upon her counsel, the master and the court, by her fraudulent representation as to her residence in order to confer jurisdiction, and in truth and verity the court had no jurisdiction to grant this divorce, and in justice to her local counsel we are pleased to note that libellant states she was induced to make these representations by counsel residing in the State of New York. No paramount rights have here intervened, though in Allen v. Maclellan, 12 Pa. 328, it is held that the court has the right to vacate a decree at a subsequent term for fraud practiced in obtaining it, though a marriage had been subsequently contracted on the faith of it.

Can a decree in divorce be revoked upon the application of a party not of record? As a rule, a judgment of a court will not be revoked unless the petitioner has some public or private interest in the subject-matter thereof. However, it is a fact, known to all judges, that (be they ever so careful) divorces are fraudulently obtained in Pennsylvania. It is the duty of the members of the bar and of the public generally to protect the court from fraud, and especially in a matter so connected with the public weal as marriage and divorce.

The courts should not object to the manner nor the party by whom fraud in such cases is brought to their attention in a proper and legal manner.

We deem it our duty in this case to act upon the petition of the mother of the respondent and annul the decree of divorce heretofore granted, because of the fraud perpetrated by the libellant with respect to her residence in the County of Wayne, and by reason thereof the court was without jurisdiction to grant the original decree.

And now, Jan. 15, 1925, the application in this case came on to be heard upon the petition, answer and evidence, and was duly argued by counsel, whereupon it is considered by the court that the decree made on May 11, 1922, granting a divorce to Sadie E. Phillips from the bonds of matrimony contracted between her and her husband, Byron B. Phillips, be and the same is hereby rescinded, revoked and annulled as fully as if the same had never been made and ordered, and it is further decreed that the said Sadie E. Phillips, libellant, pay the costs of this proceeding.