## McCue v. McCue

*James J. Gallagher*, for libellant.

*Lloyd L. Frank* and *Jere F. Mahoney*, for respondent.

HOUCK, J., March 7, 1932.—After service by publication, a master was appointed, and, on his recommendation, a decree of divorce a. v. m. was entered on February 16, 1931. On November 23, 1931, respondent presented a petition, on which a rule was granted on libellant to show cause why the decree should

not be revoked and set aside. The basis of the petition is the allegation that libellant failed to disclose respondent's last known address and stated an incorrect address in his libel. To this petition libellant filed an answer in the nature of a motion to dismiss for facts appearing on the record.

Our rule of court No. 17, Sec. 1, requires libellant to set out in the libel the domicile of the parties at the time of marriage and afterwards, their present place of actual residence, and if respondent's present residence is unknown, then a statement of the respondent's last known residence. The same rule, section thirteen, requires the master to give ten days' written notice to respondent of the time and place of taking testimony, personally, if possible; if not, by registered mail. In pursuance of these requirements, libellant alleged in his libel that at the time of marriage respondent resided at Fifty-eighth Street and Chester Avenue, Philadelphia, Pa.; that her present place of actual residence is unknown, but her last known residence was an apartment house located at the northwest corner of Fifty-eighth Street and Chester Avenue, Philadelphia, Pa. The master sent notice of the hearing to respondent at this address by registered mail. The letter was returned undelivered. Respondent avers in her petition to revoke the decree that she had no knowledge of the proceedings for the divorce or of the granting of the decree until the latter part of April, 1931.

Respondent further states in her petition that at the time of her marriage she did not reside at Fifty-eighth Street and Chester Avenue, Philadelphia, but that her residence was Sixteenth and Mt. Vernon Streets, Philadelphia. She states that she never resided at Fifty-eighth Street and Chester Avenue; that libellant well knew that her address was not as stated in the libel; that he had knowledge of a later address, namely, No. 607 Hudson Street, New York City; and that, prior to the master's hearing, libellant wrote her a letter addressed to No. 238 Fort Washington Avenue, City, Apartment 22, which she received. The decree was granted on the ground of desertion and respondent avers that she did not desert her husband and that she has a complete defense to his action for divorce.

The grounds on which libellant seeks to have the rule discharged are that the application to set aside the decree was made after the conclusion of the term in which the decree was entered; that respondent is guilty of laches; that respondent fails to set out the particulars of a meritorious defense, and that the petition does not show sufficient facts to warrant revocation of the decree.

It is clear from the petition that respondent charges libellant with fraud in the procurement of the decree. The petition states, in effect, that libellant knowingly concealed her last known address. If this be true, then the decree may be revoked even though the application to revoke it was not made during the term in which entered: Allen v. Maclellan, 12 Pa. 328; Boyd's Appeal, 38 Pa. 241; Given v. Given, 25 Pa. Superior Ct. 467, 470; Catts v. Catts, 35 Pa. Superior Ct. 293; Zettlemoyer v. Zettlemoyer, 79 Pa. Superior Ct. 405; Zanes v. Zanes, 2 D. & C. 161. We are unable to say on the pleadings that respondent is guilty of such gross laches as to bar her remedy. According to her allegation, she knew nothing of the action for divorce until April, 1931. This was after the final decree had been entered. Finally, the only question before us now is whether the petition alleges fraud, and we are not concerned with the nature of respondent's defense. She does allege, however, that she has a complete defense and she denies that she deserted her husband. She should be permitted to show, if she can, that libellant knowingly concealed her place of residence, because, if he did, the natural inference would be that he concealed it so that she should not have knowledge of the proceeding and would be deprived of the opportunity to defend the action.

Respondent contends that libellant's answer to the petition is a demurrer; that it necessarily admits the facts alleged in the petition; and that, consequently, judgment must be entered vacating the decree. We are not willing to place this construction upon the pleading. Libellant, in his answer, does not admit the facts in the petition but merely seeks to have the petition dismissed for legal reasons. The present proceeding is equitable in nature and all the facts should be developed before any final judgment is given. We shall overrule libellant's preliminary answer but permit him to file an answer on the merits.

And now, March 7, 1932, libellant's answer raising legal questions is overruled and libellant is allowed fifteen days from this date in which to file an answer on the merits.　　　　　　　　　　From M. M. Burke, Shenendoah, Pa.