## Packet v. Packet

*Frank J. McDonnell*, for libellant.
*O'Malley, Hill, Harris & Warren*, for respondent.

EAGEN, J., May 15, 1946.—This is the most novel situation presented to us during our short judicial tenure.

Libellant was granted an absolute divorce from the bonds of matrimony by this court on April 24, 1940, and now seeks to have the decree opened.

Respondent has in effect demurred to the petition and all of its averments, therefore, must be considered true. Their sufficiency to warrant our granting the prayer is the question for decision.

The parties were married May 15, 1922. The libel in divorce was filed on January 12, 1940, charging

wilful and malicious desertion. The files show a return by a constable certifying that he made personal service of both the subpœna and the notice or order of hearing on respondent at an address in the City of Scranton, Lackawanna County, Pa. The hearing was held in due course and adequate testimony offered to sustain the charge of desertion on the part of respondent. The decree followed.

Libellant now states that she learned since the granting of the decree that the individual served with process by the constable was not her husband, and that on the dates and time specified in the returns of service, her husband was in fact in a European country. No allegation of fraud is specified nor does the petition state that the testimony given at the hearing was false nor is there any denial of the desertion. Neither does the petition state specifically just when libellant learned that the process was served on the wrong person.

The attack upon the decree must fail in our opinion for many reasons.

A petition to open is equitable in nature; it is an appeal to the conscience of the court and can only be granted on equitable considerations. This rule applies to divorce decrees as well as other judgments: Catts v. Catts, 35 Pa. Superior Ct. 293, and Zettlemoyer v. Zettlemoyer, 79 Pa. Superior Ct. 405.

"While there is no time limit within which to act in striking off or vacating a judgment, it must be in a reasonable time after knowledge, while applications to open, where the cause has been litigated, must be made within term time, except in extraordinary equitable circumstances requiring a contrary result": Nixon v. Nixon, 329 Pa. 256, 264, citing Salus v. Fogel, 302 Pa. 268.

In this issue the petition to open is presented many years after the passing of the term in which the cause

was litigated. No reason for the delay is pleaded. It is stated that "since the granting of said decree" libellant learned that respondent was not the man served with the court process. It is not set forth when this knowledge was gained. It may have been within a very short time after the decree was entered. If so, certainly the "extraordinary equitable circumstances" are not present which would warrant the action desired.

Then again, in all petitions to open, it is a well known legal principle that a meritorious defense to the action must appear. While this present situation is reversed and peculiar to say the least, there is nothing before us to indicate that the desertion upon which the decree is founded was not in fact true.

No extrinsic or intrinsic fraud is pleaded as recognized in many Pennsylvania authorities as sufficient to warrant disturbing the judgment. The court had jurisdiction of libellant and the cause. As stated in Williams et al. v. North Carolina, 317 U. S. 287, 298:

"Thus it is plain that each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent."

Finally, A. L. I. Restatement of Conflict of Laws, §112, states as a general principle the following:

"The validity of a divorce decree cannot be questioned in a proceeding concerning any right or other interest arising out of the marital relation, either by a spouse who has obtained such decree of divorce from a court which had no jurisdiction, or by a spouse who takes advantage of such decree by remarrying."

This general doctrine is recognized in Pennsylvania: Commonwealth ex rel. Allison v. Allison, 151 Pa. Superior Ct. 369, 372, and Bell et al. v. Bell, 287 Pa. 269. We realize that this rule is strictly construed

and applied only in narrow and peculiarly existing circumstances. We feel that in this case, the rule is applicable.

Therefore, May 15, 1946, the rule to show cause why the decree in this case should not be opened is discharged.