## Commonwealth v. Donnelly

*Mervyn R. Turk*, for plaintiff.

*Robert F. Jackson*, for defendant.

BRETHERICK, J., January 22, 1958.—This proceeding originated in the petition of Yoko Mary Hayashi addressed to the Superior Court of the State of California in and for the County of Los Angeles. In her

petition under the Uniform Reciprocal Enforcement of Support Act of that State, she sought to compel defendant, Francis E. Donnelly, Jr., to support her and her minor child.

Petitioner alleged that she is a resident of the City and County of Los Angeles, State of California, and defendant resides or is domiciled in the "City" of Springfield, this county; that plaintiff is the natural mother and defendant is the natural father of Ruth Ann Donnelly, presently aged eight years and nine months, born July 4, 1948, in San Antonio, Texas, and said minor child is now, and ever since her birth has been, residing with and been in the custody, control and care of plaintiff; that plaintiff and Ruth Ann Donnelly, the minor child aforesaid, are entitled to support from defendant, and defendant owes the duty of support to plaintiff and the said minor child under the provisions of the California law; that defendant does now refuse and neglect, and ever since the birth of the minor child aforesaid has continued to refuse and neglect, to provide for the reasonable support of plaintiff and the said minor child according to defendant's financial means and earning capacity. The petition prays for an order of support for both plaintiff and the minor child.

The California court transmitted the proceedings to this court for disposition under the Uniform Support Law of this State, the Act of May 10, 1951, P. L. 279, 62 PS §2043.1 et seq.

We have before us a photostatic copy of a decree of the same California court in the case of Ruth Ann Donnelly, a minor, by her guardian ad litem, Yoko Mary Hayashi v. Francis E. Donnelly, Jr. The decree reads: "It is hereby ordered, adjudged and decreed that plaintiff Ruth Ann Donnelly, a minor child 8 years of age, having been born on the 4th day of July, 1948, in the City of San Antonio, Bexar County, State

of Texas, is the natural child of Yoko Mary Hayashi, the natural mother of the plaintiff herein, and of the defendant, Francis E. Donnelly, Jr., the natural father of the plaintiff herein".

The case is before us on defendant's motion to dismiss. In support of the motion, it is averred, inter alia, that this court is without jurisdiction for the reason that under the Pennsylvania Uniform Support Law any obligation of support is to be determined by Pennsylvania law, and under that law the only source of any possible obligation of support imposed upon the putative father of an illegitimate child is to be found in the criminal statutes, and no prosecution thereunder was ever instituted against defendant. The answer to the motion to dismiss admits by clear implication that there have been no criminal proceedings instituted against defendant in this Commonwealth. We think defendant's contention is sound and must be upheld.

Section 19 of our Uniform Support Law, 62 PS §2043.19, provides: "If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor, and subject the property of the defendant to such order." Section 7 of the act, 62 PS §2043.7, defines "duty of support". "Duties of support applicable under this law are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." It is clear, therefore, that defendant's duty of support, if any, is to be determined by the law of this Commonwealth.

"At common law the putative father is under no legal liability to support his illegitimate offspring": 7 C. J. Bastards, 955. Pennsylvania is in accord with

the common law rule: Miller v. Watt, 11 Dist. R. 439; Commonwealth v. Campagna, 40 D. & C. 478.

It is equally clear that the statutes of this Commonwealth impose no duty upon a putative father to support his illegitimate child, except by way of sentence following conviction in a prosecution for fornication and bastardy, or willful neglect to support a child born out of lawful wedlock. See The Penal Code of June 24, 1939, P. L. 872, secs. 506, 732, 18 PS §§4506, 4732. Since, admittedly, no prosecution was ever instituted against defendant under either section of The Penal Code, it follows as an irresistible conclusion that there can be no duty of support.

The decree of the California court is not authenticated as required by Act of Congress. See Act of June 25, 1948, c. 646, 62 Stat. 947, 28 U. S. C. A. §1738. Even if it were given full faith and credit, however, it establishes nothing beyond what its language imports. It does not establish a violation by defendant of the criminal statutes of this Commonwealth, much less a conviction thereunder. These statutes are controlling upon us. "A statute of the state of domicil of the father of a minor bastard child will be there applied to compel him to contribute to the support of the child, irrespective of where the mother is domiciled, unless the statute provides otherwise": Restatement, Conflict of Laws, §455.

The law of this Commonwealth imposes no duty upon defendant to support petitioner, Yoko Mary Hayashi. See Commonwealth ex rel. Allison v. Allison, 151 Pa. Superior Ct. 369.

## Order

And now, January 22, 1958, upon consideration of the foregoing case, it is ordered, adjudged and decreed that defendant's motion to dismiss the proceeding be, and it is, granted, and the within proceedings are dismissed.