## Commonwealth *v.* Edgar, Appellant.

*Husband and wife—Proceedings for nonsupport—Act of April 13, 1867, P. L. 78—Appeals—Evidence.*

1. On an appeal from the final order of the quarter sessions in a nonsupport proceeding against a husband and father under the Act of April 13, 1867, P. L. 78, the appellate court has no jurisdiction to review the merits of the case or the discretion of the court below. It can only consider the regularity of the proceedings as shown by the record proper.

2. A proceeding under the Act of April 13, 1867, P. L. 78, may be instituted by a mother to secure an order for the support of her minor daughter, although the wife had previously secured a decree of divorce a mensa et thoro by which she received a weekly payment of alimony for her own support and maintenance without reference to the child.

Argued Oct. 27, 1910. Appeal, No. 70, April T., 1911, by defendant, from order of Q. S. Allegheny Co., May T., 1910, No. 316, awarding a weekly payment in nonsupport proceedings in case of Commonwealth v. George S. Edgar. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition by Lottie E. Edgar, wife of defendant, to compel him to contribute to the support of his daughter, Lottie Edgar, twelve years old. Before HAYMAKER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of support.

*E. L. Kearns,* for appellant.—It is my contention that the court of common pleas No. 2 of Allegheny county is the proper place to have the alimony increased and the allowance of the wife and child adjudicated: Heilbron v. Heilbron, 158 Pa. 297; Nogic v. Nogic, 25 Pa. C. C. Rep. 397.

Under the acts of 1812 and 1836, the complaint must be by the guardians of the poor, and not by a private individual, or by the wife, to enforce support on desertion proceedings: Com. v. Nathans, 2 Pa. 138; Worrell's Case, 61 Pa. 105; Com. v. Hill, 2 Browne, 212.

A formal deed of separation is a bar to a proceeding under the Act of April 13, 1867, P. L. 78: Com. v. Richards, 131 Pa. 209.

*John Marron,* of *Marron & McGirr,* for appellee.—The appellate court can reconsider no question of fact passed upon by the court below: Com. v. Smith, 13 Pa. Superior Ct. 558; Barnes's App., 2 Penny. 506; Com. v. James, 142 Pa. 32; Com. v. Tragle, 4 Pa. Superior Ct. 159; Com. v. Hart, 12 Pa. Superior Ct. 605.; Com. v. Rogers, 15 Pa. Superior Ct. 461; Com. v. Mills, 26 Pa. Superior Ct. 549.

OPINION BY MORRISON, J., November 21, 1910:

On an appeal from the final order of the quarter sessions in a case under the Act of April 13, 1867, P. L. 78, this court has no jurisdiction to review the merits of the case or the discretion of the court below. We can only consider the regularity of the proceedings as shown by the record proper. This has been decided so often that

it ought no longer to be necessary to repeat it: Com. v. Smith, 200 Pa. 363; Com. v. Mills, 26 Pa. Superior Ct. 549. In such a case the appellate court can reconsider no question of fact passed upon by the court below: Com. v. Smith, 13 Pa. Superior Ct. 358. An appeal under the Act of May 9, 1889, P. L. 158, operates only as a common law certiorari, whereon the regularity of the proceedings alone, may be examined: Com. v. James, 142 Pa. 32.

The assignments of error and the argument of the learned counsel for the appellant indicate that he overlooked the principles of law enunciated in the cases above cited. In the present case the complaint was made by the wife against the defendant, her husband, on May 5, 1910, charging that he had refused to contribute to the support of his daughter, Lottie Edgar, aged about twelve years, and that she had no visible means of support. The defendant was arrested and held to answer at the next term of the court of quarter sessions and on May 28, 1910, at a session of said court in Allegheny county, a hearing was had on the complaint aforesaid by one of the judges of said court, and subsequently, on August 23, 1910, defendant was ordered to pay $3.50 per week and give bond with surety in the sum of $300, conditioned that he comply with this order, and the defendant gave this bond, and then appealed to this court. The record shows a regular and orderly hearing according to the statute giving jurisdiction to the court in this character of complaints. The act of 1867 is entitled, "An Act for the relief of wives and children deserted by their husbands and fathers within this commonwealth." Approved April 13, 1867, P. L. 78. Assuming it to be necessary for the court below to find that the defendant had in the language of the act, "separated himself from his wife, or from his children, or from wife and children, without reasonable cause, or shall neglect to maintain his wife or children," etc., we are bound to assume that the court below found the necessary facts in that respect because the evidence is not before us, and as we have seen we are not at liberty to review the facts. In the present

case it is conceded that the defendant is the father of the child and that he had separated himself from his wife and child and has not been supporting the latter, unless her support was provided for in a decree made in the common pleas of Allegheny county at No. 293, July Term, 1900, in the case of Lottie F. Edgar against the defendant for a divorce a mensa et thoro, where a decree was made requiring the husband to pay his wife $25.00 per week alimony. If we look at the opinion of the court in the present case we find that the counsel contended below that said decree included the maintenance of this child. The counsel also contended that the quarter sessions had no jurisdiction of the present case on account of said proceeding in the common pleas. This contention overlooks the fact that the decree in the common pleas only provided alimony for the wife and nothing is said therein in regard to the maintenance of the child. We quote from that decree: "And it is further ordered, adjudged and decreed that the respondent pay to the libelant the annual sum of $1,300 from the date of this decree and until the further order of this court, in weekly payments of $25, for her support and maintenance. . . ." It appears that no reference is made to the daughter in the decree, and the court below felt bound to presume that it was made in the interest of the libelant alone, as it says, "for her support and maintenance." The court held that the burden was on the defendant to establish that the decree included support of the daughter, and that the defendant failed to establish that fact. It cannot be doubted if this were a proceeding in the quarter sessions by the wife to obtain an order for her support, in view of the common pleas case above referred to, the jurisdiction would be in the latter court: Heilbron v. Heilbron, 158 Pa. 297. But the case in hand is for the support of the child alone and it makes no difference that the complaint was made by the wife and mother who had obtained a divorce a mensa et thoro with alimony as that proceeding in no way ousts the jurisdiction of the quarter sessions, to compel a father to sup-

port his child.  This child was not a party and she could not be legally affected by the divorce proceeding between the parents in the common pleas.  We think the appellant has entirely failed to sustain his assignment of error that the court of quarter sessions of the peace had no jurisdiction.

It is unnecessary to discuss the other assignments of error, because they would require us to review the evidence, the findings of fact and the discretion of the court below; this, as we have seen, the appeal, which is a substitute for a common-law certiorari, gives us no power to do.

No irregularity, error or want of jurisdiction appears in the record, and the order of the court below is affirmed at the costs of the appellant.